# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-cv-00184-RJC
# (3:13-cr-00307-RJC-DCK-1)

| | | |
|---|---|---|
| SHAHID HASSAN MUSLIM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1].

**I.  Initial Screening**

The Court has conducted an initial screening of the petition under Rule 4(b) and finds that it appears that the motion is untimely. 28 U.S.C. § 2255(f).

**II.  Discussion**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, after a jury trial, Petitioner was found guilty of four counts of interstate and foreign travel or transportation in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3)(A) (Counts One, Two, Eight, and Nine); one count of coercing a minor to engage in sexually explicit conduct for the purpose of producing child pornography in violation of 18 U.S.C. § 2251(a) (Count Three); one count of recruiting and maintaining a minor over the age of 14 knowing the minor would be caused to engage in a commercial sex act in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2) (Count Four); one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count Five); one count of sex trafficking by force, fraud or coercion in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(1) (Count Six); one count of interstate and foreign travel or transportation in aid of racketeering enterprises and performed and attempted to perform a crime of violence in violation of 18 U.S.C. §§ 1952(a)(3)(B) and (a)(2) (Count Seven); and one count of obstruction of justice in violation of 18 U.S.C. § 1512(d)(2) (Count Ten). [Criminal Case No. 3:13-cr-00307-RJC-DCK ("CR"), Doc. 70: Jury Verdict; CR Doc. 160: Judgment].

On May 3, 2016, this Court sentenced Petitioner to a term of life imprisonment on Counts Four, Five, and Six; a term of 60 months' imprisonment on Counts One, Two, Eight, and Nine; a term of 360 months' imprisonment on Count Three; a term of 240 months' imprisonment on Count 7; and a term of 36 months' imprisonment on Count Ten, with all terms of imprisonment to run concurrently. [CR Doc. 160 at 3]. Judgment was entered on May 18, 2016. [Id.]. Petitioner

appealed, and on November 25, 2019, the Fourth Circuit issued its decision affirming Petitioner's conviction and sentence. United States v. Muslim, 944 F.3d 154 (4th Cir. 2019). Petitioner did not petition the Supreme Court for certiorari. As such, for purposes of § 2255(f), Petitioner's conviction became final on February 24, 2020,[1] when the deadline to file a petition for certiorari expired, and Petitioner had one year, or until February 23, 2019, within which to file a § 2255 motion. See Clay v. United States, 537 U.S. 522, 532 (2003).

Although Petitioner has filed multiple documents with the Court that may conceivably be construed as a motion to vacate under § 2255, the very first possible document was dated and appears to have been mailed on February 24, 2021. [See CV Doc. 1 at 8-9; see also CR Doc. 226 at 2-3]. As such, for purposes of this Order and giving Petitioner the benefit of every reasonable inference, it appears that Petitioner's § 2255 motion to vacate was filed after the expiration of the statute of limitations under AEDPA.

**III.  Conclusion**

The Court will grant Petitioner 20 days in which to provide an explanation as to why the instant Section 2255 petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

**IT IS, THEREFORE, ORDERED** that Petitioner shall have 20 days from entry of this Order in which to explain to the Court why the Section 2255 Motion to Vacate should not be dismissed as untimely. If Petitioner does not file such explanation within 20 days from entry of this Order, the petition may be dismissed without further notice.

---

[1] Ninety days from November 25, 2019 fell on February 23, 2020, a Sunday, making the actual deadline Monday, February 24, 2020. See Sup. Cr. R. 30(1).

3

**IT IS SO ORDERED.**

Signed: May 3, 2021

Robert J. Conrad, Jr.
United States District Judge